**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-27163-BLOOM**

IVAN MOYA JIMENEZ,

Petitioner,

v.

MIAMI ICE FIELD OFFICE DIRECTOR,

Respondent.
_______________________________________/

**ORDER ON PETITION FOR HABEAS CORPUS**

**THIS CAUSE** is before the Court upon Petitioner Ivan Moya Jimenez's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"). ECF No. [1]. After the Court issued an Order to Show Cause, ECF No. [3], Respondent filed a Response, ECF No. [6], to which Petitioner filed a Reply. ECF No. [7]. The Court has considered the Petition, the Response, Reply, the record in the case and is fully advised. For the reasons set forth below, the Petition is granted in part.

## I. BACKGROUND

Petitioner is a native and citizen of Cuba, who applied for admission into the United States at the Nogales, Arizona port of entry on or about January 5, 2024. ECF No. [6-1] at 1. Petitioner was paroled into the United States for 2 years. *Id.* On October 7, 2026, Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") encountered Petitioner following Petitioner's encounter with local law enforcement during a traffic stop. ECF No. [6-2] at 3 ¶ 12. On October 8, 2026, ICE ERO issued and subsequently served Petitioner a Notice to Appear ("NTA"), pursuant to section 240 of the Immigration and Nationality Act ("INA"). *See*

ECF No. [6-1] at 1. The NTA charged Petitioner as an arriving alien, and with inadmissibility under section 212(a)(7)(A)(i)(I) of the INA.

On October 9, 2026, Petitioner was taken into ICE custody. ECF No. [6-4]. On October 10, 2026, Petitioner was transferred to the Krome North Service Processing Center ("Krome") located in Miami, Florida. *Id*. To date, Petitioner remains in ICE custody at Krome, during the pendency of his removal proceedings. *Id*.

On October 13, 2026, Petitioner filed the instant Petition, arguing that his detention without a bond hearing is unlawful and in violation of 8 U.S.C. § 1226(a). ECF No. [1] ¶ 13. Respondent responds that Petitioner is an arriving alien subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). ECF No. [6]. This matter is ripe for review.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241(a), district courts have the authority to grant writs of habeas corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas*, 533 U.S. at 687.

## III. DISCUSSION

Respondent acknowledges that "this Court has previously decided the issues presented in this case." ECF No. [6] at 3 (citing *Velasquez-Lopez v. Warden, Krome N. Serv. Processing Ctr.*, No. 26-CV-24647, 2026 WL 2349503 (S.D. Fla. Aug. 13, 2026)). In *Velasquez-Lopez*, this Court held that Petitioner was, "as a matter of statutory interpretation, not lawfully held under 8 U.S.C. § 1225(b)(2)" but instead was "detained pursuant to the authority of 8 U.S.C. § 1226(a) and is entitled to a bond hearing." *Velasquez-Lopez,* 2026 WL 2349503, at *2. Respondent concedes that

"if the Court applies the same reasoning in this case, the instant Petition will be granted." ECF No. [6] at 4. The Court fully adopts and incorporates its reasoning in *Velasquez-Lopez* to this case. For the same reasons set forth in *Velasquez-Lopez*, the Court finds that Petitioner is detained pursuant to the authority of 8 U.S.C. § 1226(a) and is entitled to a bond hearing.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition, **ECF No. [1]**, is **GRANTED in part** and **DENIED in part.**
2. Within seven (7) days of the date of this Order, Respondents must either: (1) provide Petitioner with a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a), at which the Government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerousness or risk of flight; or (2) release Petitioner from custody, under reasonable conditions of supervision.
3. Respondents are enjoined from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).
4. Respondents must, within 24 hours of the bond hearing, file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.
5. The Clerk of Court shall **CLOSE** this case.
6. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 4, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record